UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Seward, | ) | C/A No. 3:11-911-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Dr. James Riddle; and | ) | RECOMMENDATION |
| Dir. John H. Magill, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Keith Seward ("Plaintiff"), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint seeks monetary damages from a doctor and the state director of the Department of Mental Health. The complaint should be dismissed for failure to state a claim on which relief may be granted.

Review Standards

A careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under the less stringent standard applied to the *pro se* complaint, this action is subject to dismissal.

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to allege that a right secured by the Constitution or laws of the United States has been denied Plaintiff. It is not even clear if Defendant Riddle was acting under color of state law. The complaint presents the statement of claim, in its entirety, as follows:

> After repeated attempts to reduce or stop medication Dr. Riddle refused. It (Zyerexa) resulted in extensive pain and suffering. June, 2002-2005. (aprx.)
> Also Dr. J. Riddle prescribed Navane and the pharmacist gave me a medication having to do with heart disease. 2008.
> C.V.S. Pharmacy, Manager David Alfred, 3700 Two Notch Rd., Columbia, S.C. 29223

ECF No. 1 at 3. All that is revealed in these factual allegations against Defendant Riddle is that Plaintiff did not agree with his course of treatment concerning a specific prescription medication. The allegations of negligence by a pharmacy or pharmacist are not attributable to either Defendant Riddle or Defendant Magill. Defendant Magill, Director of the S.C. Department of Mental Health, could act under color of state law, but absolutely no factual allegations are made against Defendant Magill.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2] *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"); *Twombly*, 550 U.S. at 570. The *Iqbal* court

---

[2] Although the *Iqbal* Court addressed pleading standards in the procedural context of a Rule 12(b)(6) motion, the same standards apply in the court's initial screening of a complaint pursuant to § 1915(e)(2), which permits *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted - essentially the same standard found in Rule 12(b)(6).

explained:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555-56. The complaint's bare factual assertions do not meet the pleading standards required by Rule 8, and therefore the complaint fails to state a claim under § 1983.

In as much as the complaint could be construed as attempting to claim negligence or medical malpractice, claims based on state law are not cognizable under § 1983. A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Mere negligence, including medical malpractice, does not rise to the level of a constitutional deprivation. *See Daniels v. Williams*, 474 U.S. 327 (1986) (Fourteenth Amendment does not apply to breach of duty of care). Thus, allegations of negligence and medical malpractice are state law claims that do not establish a claim for violation of a federal right as required under § 1983.

A civil action for negligence and medical malpractice could be cognizable in this Court if the requirements of the diversity statute are satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity is absent in this case, because Plaintiff and Defendants are citizens of the State of South Carolina. This Court, therefore,

does not have jurisdiction under 28 U.S.C. § 1332 to consider any state law claims.

State law claims can also be considered by a federal district court in conjunction with a federal law claim through the exercise of "supplemental jurisdiction."  *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).  Title 28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claim "that they form part of the same case or controversy." Plaintiff's federal claim pursuant to § 1983 in this case fails, so the state claims should not be considered under supplemental jurisdiction.

The complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### Recommendation

Accordingly, it is recommended that this action be dismissed *without prejudice* and without issuance and service of process.

                                                 Joseph R. McCrorey
                                                 United States Magistrate Judge

May 11, 2011
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).